IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 18-2046 |
| ROCK ISLAND MODEL 1911 .45 CALIBER PISTOL SERIAL NUMBER RIA857516, COLT MODEL 1911 .45 CALIBER PISTOL SERIAL NUMBER 12369N70, KIMBER .45 CALIBER PISTOL SERIAL NUMBER K004216, CETME MODEL SPORTER .308 CALIBER RIFLE SERIAL NUMBER C27555, and 1699 ROUNDS OF AMMUNITION, | ) |
| Defendants. | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 18 U.S.C. § 922(g)(4), and as such is forfeitable pursuant to 18 U.S.C. § 924(d).

## THE DEFENDANTS IN REM

2. The defendant property consist of the following:

   a.  a Rock Island model 1911 .45 caliber pistol with serial number RIA857516 with magazine;

    b.      a Colt model 1911 .45 caliber pistol with serial number 12369N70 with magazine;

    c.      a Kimber .45 caliber pistol with serial number K004216 with magazine;

    d.      a CETME model Sporter .308 caliber rifle with serial # C27555; and

    e.      1699 rounds of ammunition in the following caliber and quantities:

        i.      630 rounds of .45, of which 11 rounds are contained in a Mec-Gar magazine, 7 rounds are contained in a DP magazine, and 7 rounds are contained in a Colt magazine;
        ii.     290 rounds of .30-06, of which 8 rounds are contained in a BR-W4 clip;
        iii.    154 rounds of .223, of which 17 rounds are contained in a M91 magazine;
        iv.    9 rounds of 6.5 x 55mm;
        v.     6 rounds of 8mm;
        vi.    150 rounds of .22 LR;
        vii.   219 rounds of .270 Winchester; and
        viii.  241 rounds of .308,

hereinafter referred to as "the Defendant Property," which were seized by the Fort Smith Police Department from a Jeep located at 414 Parker Avenue, Fort Smith, Arkansas, which is in the Western District of Arkansas, and are presently in the custody of the Federal Bureau of Investigation.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 924(d).

4.     This Court has *in rem* jurisdiction over the defendant property:

    a.      pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

b. pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district or the defendant is found in this district; and

c. pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 18 U.S.C. § 981(h) and/or 21 U.S.C. § 881(j), because a criminal prosecution of the owner of the property has been brought in this district.

5. Venue is proper in this district:

a. pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

b. pursuant to 28 U.S.C. § 1395, because the action accrued in this district, the defendant is found in this district, or the property is located in this district; and

c. pursuant to 18 U.S.C. § 981(h) and/or 21 U.S.C. § 881(j), because a criminal prosecution of the owner of the property has been brought in this district.

## BASIS FOR FORFEITURE

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d), because they are a firearm or ammunition involved in or used in a knowing violation of 18 U.S.C. § 922(g)(4).

## FACTS

7. Please see the Affidavit of Special Agent Tim Akins with the Federal Bureau of Investigation (FBI), attached hereto as Exhibit "A." The attached affidavit is incorporated herein as if word-for-word and made a part of this Complaint. As such, the Affidavit is reincorporated here as if alleged herein and requires a responsive pleading to each separate averment contained therein.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: 

Aaron Jennen
Assistant United States Attorney
Arkansas Bar No. 2004156
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125
Email: Aaron.Jennen@usdoj.gov

## VERIFICATION

I, Tim Akins, hereby verify and declare under penalty of perjury that I am a Special Agent with the FBI, that I have read the foregoing Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 6th day of February 2018.

_____
Tim Akins
Special Agent, FBI

## EXHIBIT A

## AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

I, Timmy K. Akins, of the Federal Bureau of Investigation (FBI), hereby depose and say:

1.   I am a Special Agent with the FBI currently assigned to the Fort Smith Resident Agency. I have been employed as a Special Agent with the FBI for over 21 years.  During my employment with the FBI I have received training concerning and have been involved in the investigation of federal offenses.

2.   This Affidavit is made in support of a Complaint for Forfeiture in Rem of the following (hereinafter "Defendant Property"):

   a. a Rock Island model 1911 .45 caliber pistol with serial number RIA857516 with magazine;

   b. a Colt model 1911 .45 caliber pistol with serial number 12369N70 with magazine;

   c. a Kimber .45 caliber pistol with serial number K004216 with magazine;

   d. a CETME model Sporter .308 caliber rifle with serial # C27555; and

   e. 1699 rounds of ammunition in the following caliber and quantities:

   i. 630 rounds of .45, of which 11 rounds are contained in a Mec-Gar magazine, 7 rounds are contained in a DP magazine, and 7 rounds are contained in a Colt magazine;
   ii. 290 rounds of .30-06, of which 8 rounds are contained in a BR-W4 clip;
   iii. 154 rounds of .223, of which 17 rounds are contained in a M91 magazine;
   iv. 9 rounds of 6.5 x 55mm;
   v. 6 rounds of 8mm;
   vi. 150 rounds of .22 LR;
   vii. 219 rounds of .270 Winchester; and
   viii. 241 rounds of .308.

3. Your Affiant believes that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) as firearms and ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(4), Possession of a Firearm by a Prohibited Person.

4. Your affiant has set forth only those facts which your affiant believes are necessary to establish probable cause that the Defendant Property is forfeitable.

## SEIZURE OF THE DEFENDANT PROPERTY

5. Based on my personal knowledge and on information provided by other officers involved in this investigation I have learned the following:

6. On Sunday, January 29, 2012, officers with the Fort Smith Police Department were dispatched to the United States Attorney's Office located at 414 Parker Avenue, Fort Smith, Arkansas, which is in the Western District of Arkansas, Fort Smith Division, in reference to a suspicious person in a Jeep who was parked in the front parking lot of the office. When an officer arrived, he observed the Jeep parked in the U.S. Attorney's office parking space and an individual, subsequently identified as James S. Curtis, sitting in the driver's seat of the Jeep apparently asleep. After waking Curtis, the officer asked him why he was sleeping in the vehicle. Curtis told the officer that he was there to see a U.S. Attorney and was going to wait there until they opened in the morning. Curtis said he was from Kentucky and needed to speak with an attorney but did not have an appointment. As the officer was speaking with Curtis, the officer observed three pistol magazines on the dash board. The officer asked Curtis if there were any weapons in the vehicle. Curtis stated that there was. The officer asked if he had a conceal carry permit and Curtis stated that he did not because it was revoked. The officer asked Curtis to step

out of the vehicle. When Curtis stepped out of the vehicle the officer noticed a large frame black gun sticking out from between the front seats along with a large fixed blade knife.

7. Additional officers arrived on the scene and could see an additional firearm and ammunition in plain view in the Jeep. Curtis gave a post-*Miranda* statement advising the officers that there were a total of three handguns and a rifle in the vehicle. Officers searched the vehicle pursuant to Curtis's consent and located the Defendant Property.

8. ATF Special Agent Tony McCutcheon, who is an expert on the interstate nexus for firearms, determined that these firearms had traveled in interstate commerce.

9. Curtis was arrested on state charges and was subsequently interviewed by Affiant after having been advised of his *Miranda* rights. He admitted that the firearms in the vehicle were his, that he had been previously treated at the state hospital, and that the doctor at the state hospital told him that he should not ever possess guns.

10. Records were subsequently obtained from the Marshall County Kentucky Sheriff's Office, which show that on April 26, 2010, an order was signed by the Judge of the Marshall County District Court which ordered the defendant, James Curtis, to be hospitalized at the Western State Hospital for a period not to exceed 72 hours. Records were also obtained from the Christian County Kentucky District Court, which show that on April 30, 2010, Richard Lunsford, MD, as a qualified mental health professional with the Western State Hospital, signed a Verified Petition for Involuntary Hospitalization (Mental Illness) regarding James Curtis, which was submitted to the court requesting that Curtis be detained for examination, evaluation and hospitalization for a period of 60 days. The Petition states that Petitioner believes Curtis to be suffering from a mental illness which required inpatient care and stabilization. The court

records show that Curtis was discharged from involuntary hospitalization on May 6, 2010, with a recommendation for continuing care through the local CCC which was prior to a preliminary hearing which the court scheduled for May 12, 2010.

11. The Defendant Property had been housed, since its seizure, in the evidence locker of the Fort Smith Police Department located at 100 South 10th Street, Fort Smith, Arkansas, which is in the Western District of Arkansas, Fort Smith Division.

12. On December 7, 2016, the Defendant Property was seized by Affiant from the Fort Smith Police Department, and is currently in the possession of the Federal Bureau of Investigation.

## THE PROSECUTION OF JAMES CURTIS

13. On January 31, 2012, a Complaint was filed and a Warrant was issued for Curtis in case no. 2:12MJ02004. On February 2, 2012, Curtis was arrested on the Warrant, had an initial appearance, and was appointed an attorney. On April 10, 2012, Curtis was charged by Indictment in this District in case no. 2:12CR20020-001 with one count of Possession of a Firearm by a Prohibited Person. The Indictment also included a forfeiture allegation seeking forfeiture of the Defendant Property.

14. On May 15, 2015, after more than three years of litigation regarding Curtis's competency, the Court dismissed the Indictment on the government's motion, which resulted in the dismissal of the forfeiture allegations as well.

## CONCLUSION

15. The possession of the Defendant Property by Curtis on January 29, 2012, constitutes violations of 18 U.S.C. § 922(g)(4), and the Defendant Property is forfeitable pursuant to 18 U.S.C. § 924(d).

Further the affiant sayeth not.

_____
Tim Akins
Special Agent, FBI

Subscribed to and sworn before me this 6th of February, 2018.

State of Arkansas      )
County of Sebastian    )

Before me, the above authority personally appeared, Special Agent Tim Akins, who having produced his FBI credentials as identification and having being duly sworn, states that the foregoing is true to the best of his knowledge, information, and belief.

Witness my hand and official seal on this the 6th day of February, 2018.

_____                           (seal)
Notary Public
Commission Expires: 3-28-2018